FILED
IN CLERKS OFFICE
2005 JAN 25 P 2: 59
U.S. DISTRICT COURT
DISTRICT OF MASS.

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

RAFAEL RODRIQUEZ,                          Petitioner,

vs:                                05   10173 WGY

UNITED STATES OF AMERICA,                  Respondent.

Criminal Docket No._99-CR-10138 [WTY]

Civil Docket No._____

MAGISTRATE JUDGE_____ RBC

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT

TO 28 **U.S.C. §§ 2255,**

**MOTION TO VACATE OR CORRECT SENTENCE**

RECEIPT #_____ N/A
AMOUNT $ _____ N/A
SUMMONS ISSUED_ N/A
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____ M.J.
DATE_____ 1/28/05

MOTION AND MEMORANDUM IN SUPPORT OF

PETITION FOR WRIT OF HABEAS CORPUS

HONORABLE WILLIAM G. YOUNG, U.S. DISTRICT COURT JUDGE

RESPECTFULLY SUBMITTED,

RAFAEL RODRIQUEZ, Pro-Se
Federal Register No_22543-038
Federal Correctional Center
Post Office Box 2000
Fort Dix, New Jersey  08640

AO 243
REV 6/82

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District THE DISTRICT OF MASSACHUSETTS | |
|---|---|---|
| Name of Movant RAFAEL RODRIQUEZ | Prisoner No. 22543-038 | Docket No. 99-CR-10138[WTY] |
| Place of Confinement FORT DIX FEDERAL CORRECTIONAL INSTITUTION POST OFFICE BOX 2000 FORT, DIX, NEW JERSEY  08640 | | |

(include name upon which convicted)

UNITED STATES OF AMERICA        V.        **RAFAEL RODRIQUEZ**

(full name of movant)

MOTION

1. Name and location of court which entered the judgment of conviction under attack __United States District Court For The District Of Massachusetts--Boston, Massachusett

2. Date of judgment of conviction _____ February 21-2001

3. Length of sentence_____ Petitioner was sentenced to 135 Months:

4. Nature of offense involved (all counts) _____ Petitioner was charged with five Counts of possession with intent to distribute, and distribution of, cocaine,  base, in violation of **21 USC §**  841(a)(1).

5. What was your plea? (Check one)
   (a) Not guilty          ☐
   (b) Guilty              ☒     Entered a plea of Guilty plea Before Chief
   (c) Nolo contendere     ☐     United States District Court Judge William Young.

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   Petitioner entered a guilty plea before Chief
   United States District Court Judge William G. Young to all of
   the charges against him pursuant to a written plea agreement.

6. Kind of trial: (Check one)
   (a) Jury          ☐
   (b) Judge only    ☐        ' Not Applicable '

7. Did you testify at the trial?
   Yes ☐  No ☒         ' Not Applicable '

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐         Petitioner Applied for Writ of Certiorari
                        To The United States Supreme Court:

(2)

AO 243
REV 6-32

9.  If you did appeal, answer the following:

(a) Name of court __United States Court Of Appeals For The First Circuit__

(b) Result _____Denied_____

(c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☒ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court _____The United States **Supreme Court**)__

(2) Nature of proceeding _____Petition For Writ Of Certiorari__

(3) Grounds raised_____ __The District Court erred in finding that there was no evidence that the government had acted in bad faith and did abuse its discretion in refusing to conduct further inquiry to compel the government to file a substantial assistance motion pursuant to U.S.S.G. §§ 5X1.1.__

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☐

(5) Result_____ __I am not aware of the out come in the__

(6) Date of result _____United States Supreme Court of the United States.__

(b) As to any second petition, application or motion give the same information:

(1) Name of court _____' Not Applicable '__

(2) Nature of proceeding _____' Not Applicable '__

(3) Grounds raised_____ __' Not Applicable '__

AO 243
REV 6/82

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

' Not Applicable '

(5) Result_____

(6) Date of result _____' Not Applicable '_____

(c) As to any third petition, application or motion, give the same information:

(1) Name of court _____' Not Applicable '_____

(2) Nature of proceeding _____' Not Applicable '_____

(3) Grounds raised_____' Not Applicable '_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☒

(5) Result _____

(6) Date of Result _____' Not Applicable '_____

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?

(1) First petition, etc.       Yes ☒ No ☐
(2) Second petition, etc.    Yes ☐ No ☐
(3) Third petition, etc.      Yes ☐ No ☐

(e) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

I filed a Direct Appeals and then a Petition for

of Certiorari To The United States Supreme Court.

12. State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

AO 243
REV 6'82

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: _____ Denial Of effective assistance of **Counselor**

_____

Supporting FACTS (tell your story *briefly* without citing cases or law: _____

_____ Constitutionally ineffective assistance of counselor

constitute "cause" sufficient to excuse a procedural

default, for purpose of motion to vacate.  Defense Counselor

should have secured an agreement to outline his sentencing

range specifically with respect to his substantial and

true cooperation:

B. Ground two: _____

_____ The United States Attorney's Office

ACTED IN BAD FAITH AFTER RECEIVING THE BENEFIT FROM RODIQUEZ"
Supporting FACTS (tell your story *briefly* without citing cases or law: _____

_____ SEE EXHIBIT "A", "B", AND Exhibit "C", It becomes

clear that the United States Attorney's Office benefited

from the information and cooperation from the Petitioner,

Rafael Rodriquez, it is clear from the exhibits; however,

the Petitioner did not benefit from the cooperation that

he gave to the United States Attorney's Office.

C. Ground three: _____

_____ WHETHER THE Determination of the Defense Counselor's

representation was so deficient as to give cause to withdrawing
Supporting FACTS (tell your story *briefly* without citing cases or law): of the plea agreement

_____ Deficient representation of Counselor constituted

denial of effective assistance of counselor and should

warrant the recall the the plea agreement based solely

_____

AO 243
REV 6'82

upon the significant fact that the Petitioner could have

received the protection with his sincere and truth

cooperation with The United States Attorney's Office.

D. Ground four: _____

_____

_____

Supporting FACTS (tell your story *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

These claims are ineffective assistance of

counselor's claims; therefore, the Petitioner is not procedural

barred from raising such claims, because Defense Counselor would

not raise claims that he should have raised in all prior

proceedings:

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐  No ☒ XXX  "NO"

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _____  THOMAS KERNER, Esquire

Attorney & Counselor At Law

(b) At arraignment and plea _____  Kerner's Law Office

240 Commercial Street

(c) At trial _____  2nd Floor

BOSTON, MASSACHUSETTS    02210

(d) At sentencing _____  " SAME AS ABOVE "

_____

AO 243
REV 6'82

(e) On appeal_____ THOMAS KERNER, Esquire
_____

_____

(f) In any post-conviction proceeding _____ "Not Applicable" _____
_____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____
_____ "Not Applicable" _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____
_____ "Not Applicable" _____

_____

(b) Give date and length of the above sentence: _____ "Not Applicable" _____
_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☒                    "Not Applicable"

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

DATED: JANUARY 10-2005 _____   _____
                                    Signature of Attorney (if any)
                                    RAFAEL RODRIQUEZ, Pro-Se
                                    Federal Register No 22543-038
                                    Fort Dix Federal Correctional
                                    Fort Dix, New Jersey 08640

I declare under penalty of perjury that the foregoing is true and correct. Executed on

JANUARY 10-2005 _____
         (date)

                                    _____
                                    Signature of Movant
                                    RAFAEL RODRIQUEZ, Pro-Se
                                    Post Office Box 2000
                                    Fort Dix Federal Correctional
                                    Fort Dix, New Jersey  08640

(7)

THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

RAFAEL RODRIQUEZ,                          Petitioner,

vs:

UNITED STATES OF AMERICAN,                 Respondent,

Criminal Docket No. 99-CR-10138 [WTY]

Civil Docket No._____

PETITION FOR WRIT OF HABEAS CORPUS PURSUANT

TO 28 U.S.C. §§ 2255,

MOTION TO VACATE OR CORRECT SENTENCE

_____

MEMORANDUM IN SUPPORT OF PETITION FOR

PETITION FOR WRIT OF HABEAS CORPUS

HONORABLE WILLIAM G. YOUNG, US DISTRICT COURT JUDGE

_____

RESPECTFULLY SUBMITTED,

RAFAEL RODRIQUEZ, Pro-Se
Federal Register No 22543-038
Fort Dix Federal Correctional Center
Post Office Box 2000
Fort Dix, New Jersey  08640

TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES

PRELIMINARY STATEMENT ............................    1

JURISDICTION ....................................    2

PRIOR PROCEDURE.................................•    2

ISSUE PRESENTED IN PETITION......................    3

FACTS..........................................    4

ARGUMENT.......................................    4

REASONS FOR GRANTING THE WRIT OF PETITION FOR HABEAS CORPUS

      A.     DENIAL OF EFFECTIVE ASSISTANCE
            OF COUNSELOR......................    5

           1.     Constitutionally ineffective assistance
                Of Counselor constitute "cause" sufficent
                to excuse a procedural default, for the
                purpose of motion to vacate,
                Pursuant to 28 USC § 2255.....    6

           2.     Defense Counselor should have secured
                an agreement to outline his
                sentencing range specifically with
                respect to his substantial and
                true cooperation with the
                United States Attorney's
                Office..........................    7

      B.     THE UNITED STATES ATTORNEY'S OFFICE ACTED
            IN BAD FAITH AFTER RECEIVING THE BENEFIT
            FROM THE PETITIONER,
            RAFAEL RODRIQUEZ........................    7

i.

I

## JURISDICTIONAL STATEMENT

This Court has jurisdiction of the Petitioner's Petition for Writ Of Habeas Corpus Pursuant to 28 USC §§ 2255.

## II.

## PRIOR PROCEDURE

1.    The defendant was arrested on March 30, 1999.

2.    The defendant was ordered detained by the United States District Court For the District of Massachusetts [Docket No 99-CR-10138]

3.    The defendant was indicted by the District Court on April 28, 1999.

4.    The defendant pleaded guilty on March 15, 2000.

5.    The defendant-petitioner, was sentenced on the 20th Day of February, 2001.

6.    The Defendant-Petitioner, Rafael Rodriquez, filed a notice of appeals on the 2nd Day of March, 2001.

7.    Petitioner was denied on his direct appeal, and his conviction was affirmed.

8.      PETITIONER Filed for an Enbanc Hearing.

9.      Petitioner was denied on Review For
        Enbanc.

10.     Petitioner filed a Petition for Writ of
        Certiorari From The United States
        Supreme Court.


                        III.


              ISSUE PRESENTED IN PTITION

A.      DENIAL OF EFFECTIVE ASSISTANCE OF COUNSELOR

B.      THE UNITED STATES ATTORNEY'S OFFICE ACTED
        IN BAD FAITH AFTER RECEIVING THE BENEFIT
        FROM THE PETITIONER, RAFAEL RODRIQUEZ.

C.      The Government'S ACT  OF BAD FAITH IS
        JUSTIFICATION TO HAVE THE CONVICTION
        VACATED.

D.      INEFFECTIVE ASSISTANCE OF COUNSELOR WITH
        CLEAR REPRESENTATION THAT PREJUDICE COULD
        BE ESTABLISHED, THEN THE CONVICTION SHOULD
        BE VACATED.

- 3 -

IV.

## FACTS

Petitioner agreed that He was responsible for the distribution of at least 150 grams but less than 500 grams of c cocaine base.  The Court assigned a base offense level of 34 to the Petitioner.  The Court adjusted the Petitioner's base offense level downward 3 points for his acceptance of responsibility.  The Court determined that the Petitioner's adjusted offense lever was 31.

Petitioner was classified with a Criminal History Category III.

Petitioner was classified with a sentencing range of 135 months to 168 months.

The Petitioner was sentenced to 135 months in prison. on the 21st Day Of February, 2001.

V.

## ARGUMENT

The United States Attorney's Office acted in bad faith and did not give credit to the Petitioner for his sincere and honest cooperation.

- - **4** -

The United States Attorney's Office should have been ordered by The United States District Court to file a 5Kl.l Motion for the Petitioner for his sincere Cooperation.

The District Court should have sentenced the Petitioner below his statutory minimum, pursuant to 18 U.S.C. § 3553(e) and departed from the guidelines pursuant to USSG §§ 5kl.l.

The United States Attorney's Office bad faith act should be cause sufficient to vacate the convicition and to void the plea agreement.

Petitioner's attorney was ineffective based solely on the fact that the Plea agreement should have been precised in stating if any convictions occurred because of the Petitioner's cooperation then the Petitioner would be sentence to the 5 years sentence, below the mandatory minimum.

## REASONS FOR GRANTING WRIT

A.    DENIAL OF EFFECTIVE ASSISTANCE OF COUNSELOR.

Under the Sixth Amendment to the Constitution of the United States, a person accused of a crime has the right to have the assistance of counsel for his or her defense. Evitts vs: Lucey, 469 US 387 (1985), and the right to counselor

has also been declared to be obligatory upon the government
and the state through the due process clause of the fourteenth
Amendment.

The right of an accused to effective assistance of
counselor has repeatedly recognized in decisions of the United
States Supreme Court where the competency of defense counsel's
representation has been called into question, generally as
a necessary implication from the Sixth Amendment.

1.    Constitutionally ineffective assistance of
Counselor constitute "cause" suffcent to excuse a procedural
default, for the purpose of motion to vacate, pursuant to
28 U.S.C. §§ 2255.

Petitioner could not address these issues on direct
appeal because of the significant fact that the Defense Counselor
wasn't going to raise ineffectiveness against himself; therefore,
Petitioner is not barred from raising these issues on a petition
for Writ Of Habeas Corpus, Pursuant to 28 USC §§ 2255.
Prou vs: United States, 199 F3d 37 (1999), SEE Murray vs:
Carrier, 477 U.S. 478, 488 (1986), Demostrating such ineffective-
ness requires a showing "that counsel's performance was deficient"
and "that the deficient performance prejudiced the defense."
Strickland vs: Washington, 466 US 668, 687 (1984).  Although
a reviewing court must consider the whole of the record, a
single, serious error nonetheless can support a claim of
ineffective assistance counsel.  See Carrier, 477 US at 496.

2.    Defense Counselor should have secured an agreement to outline his [Petitioner's] sentencing range specifically with respect to his substantial and true cooperation with the United States Attorney's Office.

In this case at hand, the relevant error is the failure or was the failure to secure a solid agreement which would have protect the Petitioner, Rafael Rodriquez, in this case.

A sentencing stipulation would have resolved the conflict and would have protected the petitioner. The deficiency is clear and the prejudice is the fact that the Petitioner was not rewarded for his sincere and honest cooperation with the United States Attorney's Office.

**B.    THE UNITED STATES ATTORNEY'S OFFICE ACTED IN BAD FAITH AFTER RECEIVING THE BENEFIT FROM THE PETITIONER, RAFAEL RODRIQUES.**

The United States Attorney's Office for the District of Massachusetts did not give the proper credit to the Petitioner for assisting their office and assisting the United States Attorney in getting their convictions, not just of one defendant or better said, co-defendant, but many con-defendants.

1.    The United States Attorney's Office used the cooperation agreement with the Petitioner, Rafael

- 7 -

Rafael Rodriquez did not receive the benefit which he should
have received from the United States Attorney.

　　　　　　3.　　　It is clear that the Petitioner did
not receive the benefit for his sincere cooperation and
assistance to The United States Attorney's Office.

　　　　　　4.　　　The Majorities of the defendants plead
guilty after receiving information that the Petitioner, Rafael
Rodriquez, was cooperating with The United States Attorney's
Office.

　　C.　　　THE GOVERNMENT'S ACT OF BATH FAITH IS JUSTIFICATION
　　　　　　TO HAVE THE CONVICTION VACATED.

　　　In the interest of Justice, The District Court For The
District Of Massachusetts, should vacate the conviction and
re-sentence the Petitioner, Rafael Rodriquez, to a five
years prison-term.

　　　The Petitioner should be given credit for his honest and
sincere cooperation with the United States Attorney's Office.

　　D.　　　INEFFECTIVE ASSISTANCE OF COUNSELOR WITH CLEAR
　　　　　　REPRESENTATION THAT PREJUDICE COULD BE ESTABLISHED,
　　　　　　THEN THE CONVICTION SHOULD BE VACATED.

　　　The relevant facts are essentially undisputed; therefore,
Petitioner is entitled to relief based solely on the fact that

- 9 -

his Attorney  was ineffective for failing to secure the proper
agreement which would have protected his client, the Petitioner
in this case.

    E.        CONCLUSION

         The Attorney was deficient in his performance,
generally the presumptions and burden of proof is based solely
on the Peitioner's responsibility to show that he was prejudiced
by the deficient performance of the attorney.  In this case
it is clear that the Attorney was deficient and the prejudice
is the fact that the Petitioner was sentenced to a term of
imprisonment of 135 months; based on the significant fact that
the Petitioner did not have the proper agreement to protect
him from being sentence to a period of a 135 months.

                    ' **CONCLUSION** '

     WHEREFORE, I RESPECTFULLY REQUEST THAT THIS HONORABLE
COURT GRANT THIS PETITION FOR WRIT OF HABEAS CORPUS AND TO
GRANT ANY OTHER AND FURTHER RELIEF AS THIS HONORABLE COURT
MAY DEEM PROPER AND JUST.

Respectfully Submitted,

Dated:   JANUARY 10-2005

RAFAEL RODRIQUEZ, Pro-Se
Federal Register No 22543-038
Fort Dix Federal Correctional
Post Office Box 2000
Fort Dix, New Jersey 08640

**EXHIBIT "A"**

" SENTENCING TRANSCRIPT"

6

1    plea I'm very careful that the government is only

2    considering whether to file.  I can conceive of

3    circumstances where if the government acts in bad faith the

4    very nature of the plea bargaining process is such that

5    perhaps I can ask, I can require the government to act in

6    good faith.  But having read this I don't see bad faith, I

7    just -- well, you make your argument.

8            MR. KERNER:  Your Honor, I suggest that the

9    evidence of bad faith lies in what happened with respect to

10   the letter of cooperation vis-a-vis the government's

11   position regarding Roberto Mejia.

12           I've read, I've read the government's sentencing

13   memorandum.  Now, I would point out that the sentencing

14   memorandum contains many factual assertions which are not

15   supported by the record before you.  They are assertions

16   made by Mr. Farley.  They are neither supported by

17   affidavit of law enforcement or Mr. Farley's affidavit.

18   Many of the assertions made by Mr. Farley I do not contest

19   and those are perfectly, perfectly fine with me.  But what

20   Mr. Farley does not contest, Mr. Farley does not contest

21   that Roberto Mejia has stated that one of the reasons that

22   he pled guilty was the knowledge that Rafael Rodriguez had

23   agreed to testify against him.

24           Now, the government has had, has been aware of

25   that assertion by Mr. Rodriguez for about a month now and

R. 26

8

1    cooperation for Rodriguez was disclosed there was no plea

2    from Roberto Mejia.  And when the cooperation was

3    disclosed -- I agree that the cooperation letter was sent

4    by Mr. Farley at my request.  But the reason that I

5    requested it is because Mr. Farley told me that if it

6    facilitated a plea my client would get a 5K1 motion.  And

7    there would be no other reason for me to make that request

8    other than being given that assurance.

9         It is, it is not accurate for Mr. Farley to say

10    that it was just sent out at my request.  My request was

11    based on a quid pro quo.  I knew that if this, if this

12    resulted in a change of plea by the people that Mr.

13    Rodriguez was testifying, was offering testimony about,

14    then there would be a 5K1 motion.

15         And what Mr. Farley seems to be saying in his, in

16    his sentencing memorandum is that it is next to

17    inconceivable that Mr. Rodriguez's cooperation in the Mejia

18    matter could have led to a 5K1 motion.

19         THE COURT:  Well, I have a more direct question

20    and let me ask him.

21         Mr. Farley, is that true?  Did you tell him that

22    if his cooperation, his, Mr. Rodriguez's cooperation led to

23    a plea on Mejia's part he would get a 5K1 recommendation?

24    Did you say that?

25         MR. FARLEY:  I don't recall saying words to that

9

1    effect, your Honor.  I believe the conversation ensued

2    after the committee initially denied the 5K request, and

3    Mr. Kerner said, well, is there any way that we can get a

4    5K, and we discussed the possibility of disclosing Mr.

5    Rodriguez's name to the defendants.  And I said that if it

6    appears that someone pled as a result of the proposed

7    cooperation then there might be an argument to be made to

8    get him a 5K.  But there was certainly no quid pro quo to

9    the extent that if, simply the release of this individual's

10   name if a plea took place afterwards would necessarily

11   trigger the provision of a 5K1.1 motion, because there's a

12   relationship that needs to be established.

13           THE COURT:  Is that recitation accurate, Mr.

14   Kerner?

15           MR. KERNER:  Yes.  Your Honor, if Mr. Mejia's, if

16   Mr. Mejia's cooperation was disclosed to the, or Mr.

17   Rodriguez's cooperation was disclosed to the 13 Mejia

18   defendants and a non-Mejia brother, there were ten other

19   defendants in that case, if one of those individuals about

20   whom Mr. Rodriguez had no information had pled guilty then

21   I wouldn't be here making the argument.

22           But what we have -- there were only three specific

23   individuals that Mr. Rodriguez had information about.  The

24   three specific individuals were Jorge, Roberto and Enrique

25   Mejia.  Roberto Mejia my client has indicated was the

1    conduit between him and the Mejia brothers, set up the

2    relationship between Enrique Mejia, and was present when

3    drug discussions were going on.  And now this individual,

4    Roberto Mejia, has pled guilty.  And that is why I am

5    suggesting that his, and coupled with Roberto Mejia's

6    statement, that is why I'm saying that his agreement to

7    cooperate has facilitated a plea of guilty and assisted in

8    providing substantial assistance to the government.

9         THE COURT:  Let me -- I'm going to tentatively

10    find some facts here before I make any rulings.  But I

11    think the following is largely undisputed.

12         That Mr. Rodriguez asked, through counsel asked

13    for a 5K motion from the government.  That was denied.

14    Through Mr. Kerner, his attorney, Mr. Rodriguez, again

15    through Mr. Kerner, explored was there anything else he

16    could do by way of cooperation.  Mr. Farley said that if

17    Mr. Rodriguez were to permit it to be disclosed to the

18    defendants that he, Mr. Rodriguez, is cooperating, a matter

19    of some risk to Mr. Rodriguez, and an additional point of

20    leverage for the government, if Mr. Rodriguez agreed to

21    that then the government would further consider whether to

22    grant a 5K motion.

23         Mr. Rodriguez agreed.  His name was disclosed.

24    Mr. Mejia thereafter, Mr. Roberto Mejia thereafter pleaded

25    guilty.  And that one of the factors that Mr. Roberto Mejia

13

1    They wouldn't be doing that to the Mejia defendants.  They

2    have to act in good faith there.

3         So I would suggest that the fact that they even

4    sent the letter out demonstrates the thoroughness and the

5    forthrightness and the completeness of the cooperation on

6    the part of Mr. Rodriguez.

7         And probably the most important factor is did they

8    gain any advantage by having Mr. Rafael Rodriguez

9    cooperate.  And we know that they did because Roberto Mejia

10   has stated that one of the reasons that he pled guilty was

11   that this individual was going to testify against him.  The

12   other factors are also addressed.

13         I suggest that a good faith consideration of the

14   (a)(1) through (5) factors as is required by Doe 1 would

15   demonstrate that a 5K1 motion must be filed.

16         THE COURT:  All right.  I rule that the government

17   is under no obligation to file a 5K1 motion.  I find that

18   there is evidence of compliance with Rodriguez, or by

19   Rodriguez with each of the five factors.  But I, but I do

20   not think that the jurisprudence in this circuit compels

21   the government to file a 5K1.  They have not done so.  All

22   right.  So that's my ruling.

23         Now, that leaves us with what framework?

24         MR. KERNER:  I think we're both in agreement,

25   Judge, 135 months.

R. 33

14

1          MR. FARLEY:  That's correct.  That was the

2    recommendation the government made which is the lowest

3    sentence under the guideline range, your Honor.

4          THE COURT:  And let me, let me speak to probation

5    just a moment.

6          (Whereupon the Court and the Probation Officer

7    conferred.)

8          THE COURT:  All right.  Mr. Rodriguez, before I

9    impose sentence you have the right to address me directly.

10   You are not required to, but if you wish to I will hear you

11   at this time.

12         MR. KERNER:  Judge, could we just have a minute.

13   He's a little bit emotional about the decision on the

14   motion.

15         THE COURT:  I can appreciate that and you may.

16         (Pause in proceedings.)

17         THE DEFENDANT:  (Through the interpreter)  Your

18   Honor, I would like to express that I'm very sorry for what

19   I've done against society because what I did, selling

20   drugs, was very wrong.  I'm very sorry for what I've done

21   and I'm on the road to another life.

22         I would like you to take into consideration my,

23   what I have done to assist the government.  From the very

24   first time I sat down with the government my intention was

25   to give them the very best information I was able to and

R. 34

14

1         MR. FARLEY:  That's correct.  That was the

2    recommendation the government made which is the lowest

3    sentence under the guideline range, your Honor.

4         THE COURT:  And let me, let me speak to probation

5    just a moment.

6         (Whereupon the Court and the Probation Officer

7    conferred.)

8         THE COURT:  All right.  Mr. Rodriguez, before I

9    impose sentence you have the right to address me directly.

10   You are not required to, but if you wish to I will hear you

11   at this time.

12        MR. KERNER:  Judge, could we just have a minute.

13   He's a little bit emotional about the decision on the

14   motion.

15        THE COURT:  I can appreciate that and you may.

16        (Pause in proceedings.)

17        THE DEFENDANT:  (Through the interpreter)  Your

18   Honor, I would like to express that I'm very sorry for what

19   I've done against society because what I did, selling

20   drugs, was very wrong.  I'm very sorry for what I've done

21   and I'm on the road to another life.

22        I would like you to take into consideration my,

23   what I have done to assist the government.  From the very

24   first time I sat down with the government my intention was

25   to give them the very best information I was able to and

15

1    that's what I did.

2            (Whereupon Mr. Kerner and Mr. Rodriguez

3    conferred.)

4            THE DEFENDANT:  (Through the interpreter)  And

5    I'll be very grateful, your Honor, if you were able to

6    impose the very, very bottom of the guidelines if you're

7    able to.

8            (In English)  Thank you.

9            THE COURT:  Mr. Rafael Rodriguez, in consideration

10   of the offenses of which you stand convicted, the

11   information from the United States Attorney, your attorney,

12   this Court sentences you to 135 months in the custody of

13   the United States Attorney General.  The Court gives you

14   credit for your having been in custody since the 31st of

15   March, 1999.

16           The Court informs you that you have the right to

17   appeal from any finding or ruling this Court has made

18   against you.

19           The Court imposes no fine on you because you are

20   unable to pay a fine.  The Court imposes five years of

21   supervised release following your release from prison.  And

22   during the period of supervised release you're prohibited

23   from possessing a firearm or other dangerous weapon; you're

24   to participate in a program for substance abuse as directed

25   by the United States Probation Office which program may

R. 35

16

1    include testing to determine whether you are using alcohol

2    or drugs; and, if ordered deported you are to leave the

3    United States and not to return without the prior

4    permission of the United States Attorney General.

5             The Court imposes upon you a special assessment of

6    $500 as required by the law.

7             Let me explain this sentence.  You are guilty of

8    repeated counts of distribution of crack cocaine.  Offenses

9    which carry a, two of them carry a minimum mandatory

10   sentence from ten years to life.  The sentence that the

11   Court has imposed upon you takes into account, insofar as I

12   am able to do so, the fact, and I find that it is a fact,

13   that once you've been apprehended you did cooperate fully,

14   putting yourself at risk and giving to the government such

15   information as you had obtained.

16            However, under the law it is the government that

17   determines whether to file a motion for a downward

18   departure and in your case the Court finds that the

19   information you gave them was not sufficient to cause them

20   to file such a motion.

21            I find here no evidence of bad faith on the

22   government's part.  Though I find, and I want the record to

23   be clear on appeal, that you cooperated fully, gave them

24   all the information you had and indeed placed yourself at

25   risk.  And your placing yourself at risk, I do find in the

EXHIBIT "B"

"PLEA AGREEMENT"



U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

*1 Courthouse Way, Suite 9200*
*Boston, Massachusetts 02210*

March 14, 2000

J. Thomas Kerner, Esq.
240 Commercial Street
Second Floor
Boston, MA 02109

      Re: <u>United States v. Rafael Rodriguez</u>
         Criminal No. 99-10138-WGY

Dear Mr. Kerner:

    This letter sets forth the Agreement between the United
States Attorney for the District of Massachusetts ("the U.S.
Attorney") and your client, Rafael Rodriguez, a/k/a Angel Cruz,
a/k/a Papito Raphael, a/k/a Papito ("Defendant") in the above-
captioned case. The Agreement is as follows:

    1.  <u>Change of Plea</u>

    At the earliest practicable date but in no event later than
March 15, 2000, Defendant shall plead guilty to possessing with
intent to distribute, and distributing, controlled substances, as
charged in all counts in which he is named in the above-captioned
Indictment: Counts One through Five. Defendant expressly and
unequivocally admits that he in fact knowingly, intentionally and
willfully committed the crimes of possessing with intent to
distribute, and distributing, controlled substances, as charged
in Counts One through Five of the Indictment, and is in fact
guilty of those offenses.

    2.  <u>Penalties</u>

    Defendant faces the following minimum mandatory and maximum
penalties: With respect to Count One, Defendant faces a maximum
term of imprisonment of twenty (20) years, a fine of up to
$1,000,000.00, a term of supervised release of at least three (3)
years, and a special assessment of $100.00. With respect to
Counts Two and Three, a minimum mandatory term of imprisonment of
five years, a maximum term of imprisonment of 40 years, a fine of
up to $2,000,000.00, a term of supervised release of at least

R. 59

four (4) years, and a special assessment of $100.00 (if the Court determines that the controlled substance is cocaine base). With respect to Counts Four and Five, a minimum mandatory term of imprisonment of ten years, a maximum term of imprisonment of life, a fine of up to $4,000,000.00, a term of supervised release of at least five (5) years, and a special assessment of $100.00 (if the Court determines that the controlled substance is cocaine base).

Defendant may also be deportable and/or excludable by the United States Immigration and Naturalization Service as a consequence of his conviction of the offenses to which he is pleading guilty.

3.    Sentencing Guidelines

The parties will take the following positions at sentencing under the United States Sentencing Guidelines:

(a)    The U.S. Attorney will take the position that Defendant's base offense level is 34, based upon Defendant's possession with intent to distribute, and distribution of, more than 150 grams of cocaine base (otherwise known as "crack") and less than 500 grams of crack. Defendant, while conceding that he is guilty of distributing a controlled substance and possessing a controlled substance with intent to distribute, reserves the right to argue that the controlled substance involved in the offenses of conviction was not crack.

(b)    Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a)    Fails to admit a complete factual basis for the plea;

(b)    Fails to truthfully admit his conduct in the offenses of conviction;

(c)    Falsely denies, or frivolously contests, relevant

2

R. 60

conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d)   Fails to provide truthful information about his financial status;

(e)   Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f)   Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)   Intentionally fails to appear in Court or violates any condition of release;

(h)   Commits a crime;

(i)   Transfers any asset protected under any provision of this Agreement; and/or

(j)   Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after the date of this Agreement.

4.   Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

(a)   a sentence of incarceration within the applicable guideline range, but not below any applicable mandatory minimum sentence, unless the defendant qualifies for a sentence below the mandatory minimum sentence pursuant to 18 U.S.C. §§ 3553(e) or 3553(f);

(b)   a fine within the applicable guideline range unless the Court finds pursuant to U.S.S.G.

3

R. 61

§ 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c) a mandatory special assessment of $500.00; and

(d) a five year term of supervised release.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines, except as explicitly reserved below. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines, except under the conditions explicitly set forth below. The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should any of Defendant's prior state convictions be vacated subsequent to the execution of this Agreement.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5.   Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.   Cooperation

a.   Terms of Cooperation

Defendant agrees to cooperate fully with law enforcement agents and government attorneys. He must provide complete and truthful information to all law enforcement personnel. If his testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. He must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, he must furnish all documents, objects and other evidence in his possession, custody or control that are relevant to the government's inquiries.

Defendant understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged.

4

R. 62

To facilitate his cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court, and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

     b.    Substantial Assistance Motion

In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, the U.S. Attorney will make a motion under U.S.S.G. § 5K1.1, and if the U.S. Attorney determines it to be appropriate, 18 U.S.C. § 3553(e) so that the sentencing court may impose a sentence below that which otherwise would be required under the Sentencing Guidelines and the relevant statutes. The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Defendant violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in paragraph 6(a) above, or engages in any criminal conduct after the date he signs this Agreement. The U.S. Attorney reserves the right, in his sole discretion, to file a motion under U.S.S.G. § 5K1.1 but not under 18 U.S.C. § 3553(e). Defendant may not withdraw his/her plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance, if the U.S. Attorney determines to file a motion under U.S.S.G. § 5K1.1 but not under 18 U.S.S.G. § 3553(e), or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

     c.    Sentence Recommendation with Substantial Assistance

If Defendant provides substantial assistance, subject to all

5

R. 63

the provisions of paragraphs 6(a) and (b) above, the U.S. Attorney will advise the sentencing judge of the full nature, extent and value of the assistance provided by Defendant.

The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Defendant's sentencing.

### d.    Letter Immunity

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement or pursuant to the proffer letter dated January 31, 2000 (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence.  The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the District Court and U.S. Probation Office in this case.  All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the District Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto.  Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

### 7.    Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole

6

R. 64

discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(e)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

   8.   Civil Liability

   By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

   9.   Rejection of Plea By Court

   Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

   10.   Breach of Agreement

   If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated January 31, 2000 without any limitation. In this regard, Defendant hereby waives any defense to any

7.

charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

11.  Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

12.  Complete Agreement

This letter contains the complete agreement between the parties relating to the disposition of this case.  No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated January 31, 2000.  This Agreement supersedes prior understandings, if any, of the parties, whether written or oral with the sole exception of those contained in the proffer letter dated January 31, 2000. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney John J. Farley.

Very truly yours,

DONALD K. STERN
United States Attorney

By: _James B. Farmer_____
JAMES B. FARMER
Assistant U.S. Attorney
Chief,
Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

JOHN J. FARLEY
Assistant U.S. Attorney

8

R. 66

ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter or I have had this letter read to me in my native language in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

RAFAEL RODRIGUEZ
Defendant

Date: 3/15/00

I certify that RAFAEL RODRIGUEZ has read this Agreement or has had this Agreement read to him in his native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

J. THOMAS KERNER, Esq.
Attorney for Defendant

Date: 3-15-00

9

R. 67

EXHIBIT "C"


"UNITED STATES ATTORNEY'S OFFICE MEMORANDUM CORRESPONDENCE"



U.S. Department of Justice

*United States Attorney*
*District of Massachusetts*

---

Main Reception: (617) 748-3100

United States Courthouse, Suite 9200
1 Courthouse Way
Boston, Massachusetts 02210

May 31, 2000

Morris M. Goldings, Esq.
Mahoney Hawks & Goldings, LLP
75 Park Plaza
Boston, MA 02116

Michael Bourbeau, Esq.
Bourbeau & Bonilla
21 Union Street
Boston, MA 02108

Lenore Glaser, Esq.
Stern, Shapiro, Weissberg & Garin
90 Canal Street, Suite 500
Boston, MA 02114

Carlos Dominguez, Esq.
232 Commercial Street
Boston, MA 02109

Michael Liston, Esq.
Carr & Liston
294 Washington Street
Boston, MA 02108

Dan B. Gerson, Esq.
440 Louisiana
Suite 2100
Houston, Texas 77002

W. Theodore Harris, Jr.
390 Main Street
Worcester, MA 01608
(508) 795-7388

Kevin Nixon, Esq.
65A Atlantic Avenue
Boston, MA 02110

227 6363

Martin Murphy, Esq.
Bingham, Dana & Gould
150 Federal Street
Boston, MA 02110

John McBride, Esq.
McBride & Associates
240 Commercial Street
Boston, MA 02109

Howard Cooper, Esq.
Todd & Weld
28 State Street
Boston, MA 02109

William Keefe, Esq.
Keefe & Mercado
555 Armory Street
Jamaica Plain, MA 02130

James J. Coviello, Esq.
281 Beach
Revere, MA 02151

Re: <u>United States v. Enrique Mejia, et al.</u>
    Criminal No. 99-10407-EFH

R. 70